# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 13-227-01 |
| | ) |
| NICHOLAS TROMBETTA, | ) |
| | ) |
| Defendant | ) |

## OPINION

This is a criminal matter in which Nicholas Trombetta ("Defendant") is accused, in an eleven-count indictment, of committing mail fraud, theft or bribery concerning a program receiving federal funds, filing a false tax return, and conspiracy to commit tax fraud. (ECF Nos. 3-4.) Pennsylvania Cyber Charter School ("PA Cyber"), Defendant's former employer, asks this court to enforce the rights guaranteed to it under the Crime Victim Rights Act ("CVRA"). (ECF No. 165 at 3-4; ECF No. 252.) This court finds that PA Cyber qualifies as a "crime victim" under the CVRA and is entitled to all the rights that flow from this designation. 18 U.S.C. § 3771(e)(2)(A). The government presented no substantive opposition to this ruling. Defendant's arguments against this finding are contrary to the facts of this case and the law.

Crime victim status under the CVRA is not limited to only the victim of the criminal charge to which a defendant pleads guilty. In re: Henriquez, No. 15-3054, 2015 WL 10692637, at *1 (D.D.C. Oct. 16, 2015) (crime victim status is not limited by the four corners of the indictment or plea agreement); United States v. Thetford, 935 F.Supp.2d 1280, 1283 (N.D. Ala. 2013) (owners of stolen boat were "crime victims" in case in which thief pled guilty to wire fraud associated with reselling the boat; "the direct and proximate harmful effects of the charged wire fraud offense deprived the owners of their boat"); Does v. United States, 817 F.Supp.2d

1337, 1342 (S.D. Fla. 2011) (victims acquire rights under the CVRA before prosecution of a case begins) (collecting decisions); United States v. Guiedant LLC, 708 F.Supp.2d 903, 911 (D. Minn. 2010) (crime victim need not be target of crime provided that it "suffered harm as a result of the crime's commission"). Therefore, the fact that Defendant only pled guilty to Count Six of the indictment, which charged him with participating in a tax conspiracy, is inapposite. (ECF No. 238.) Defendant was charged with additional crimes in the indictment, some of which "directly and proximately harmed" PA Cyber. 18 U.S.C. § 3771(e)(2)(A); ECF No. 3.

The sole decision relied upon by Defendant to support his argument that PA Cyber cannot be deemed a crime victim under the CVRA, United States v. Kones, 77 F.3d 66 (3d Cir. 1996), is readily distinguishable. (ECF No. 260.) In Kones, a medical doctor was charged with 200 counts of mail fraud. Kones, 77 F.3d at 68. Kones was accused of submitting insurance claims on behalf of patients for medical services that were never provided to them. Id. One patient, Michele Harris, sought restitution for the damages stemming from her addiction to pain killers, which was purportedly caused by Kones' over-prescription of the drugs to her. Id. The court of appeals held that, under 18 U.S.C. § 3663(a), "restitution to any victim of such offense" refers only to the "offense of conviction," or criminal conduct proscribed by the statute under which defendant was convicted. Kones, 77 F.3d at 69-70. Harris was not harmed by Kones' submission of the fraudulent insurance claims. Under these circumstances, the court held that Harris was not entitled to restitution. Although restitution is one right that is provided to crime victims under the CVRA, 18 U.S.C. § 3771(a)(6), PA Cyber is not seeking to assert its right to restitution in this case. Kones, therefore, does not support Defendant's contention that PA Cyber cannot qualify as a crime victim under the CVRA.

For all the foregoing reasons, PA Cyber is deemed to qualify as a crime victim under the CVRA and the government is directed to afford PA Cyber all the rights that flow from this designation and to comply with PA Cyber's pending request. A written order will be filed contemporaneously with this opinion.

DATED: November 17, 2016                    BY THE COURT:

                                            /s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            Chief U.S. District Judge.