# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                              |   |                      |
|------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,    | ) |                      |
|                              | ) |                      |
| v.                           | ) | Criminal No. 13-227  |
|                              | ) |                      |
| NICHOLAS TROMBETTA,          | ) |                      |
| Defendant.                   | ) |                      |
|                              | ) |                      |

## MEMORANDUM OPINION
## CONCERNING APPORTIONMENT OF RESTITUTION

CONTI, Chief District Judge.

The sole remaining sentencing issue is the amount of restitution to be apportioned to Nicholas Trombetta ("Trombetta").

The court previously ruled upon the disputes concerning the amount of restitution, which affected both defendants at Criminal No. 13-227, Trombetta and Neal Prence ("Prence"), and determined the total amount of restitution owed to the victim, Internal Revenue Service ("IRS") was $437,632. The court sentenced Prence to pay $50,000 in restitution. Subsequently, the court sentenced Trombetta's sister, Elaine Trombetta-Neill ("Neill"), the sole defendant in Criminal No. 13-217, to pay restitution of $30,223 jointly and severally with Trombetta.

On August 17, 2018, the court entered an order for Trombetta to show cause why his restitution should not be apportioned with Prence ($437,632 minus $50,000), pursuant to 18 U.S.C. § 3664(h). Responses were due by September 13, 2018. Trombetta filed a position (ECF No. 396), which contended that his restitution obligation should be reduced by the amounts attributed to both Prence and Neill. Trombetta cited no legal authority for his position. The government filed a response (ECF No. 397), contending that Trombetta should be responsible for

the full amount of restitution ($437,632), because he was involved in every aspect of the criminal activity, but recognizing the court's discretion to apportion restitution under § 3664(h).

Pursuant to 18 U.S.C. § 3664(h), "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." In *United States v. Laraneta*, 700 F.3d 983, 993 (7th Cir. 2012), the court interpreted the term "defendants" to mean persons charged in the same case and concluded that courts lack statutory authority to apportion liability between defendants in different cases. *Accord United States v. Aumais*, 656 F.3d 147, 156 (2d Cir. 2011) ("Section 3664(h) implies that joint and several liability may be imposed only when a single district judge is dealing with multiple defendants in a single case (or indictment); so it would seem that the law does not contemplate apportionment of liability among defendants in different cases, before different judges, in different jurisdictions around the country"). As in *Laraneta*, Criminal Action No. 13-217 has only one defendant, Neill. It is doubtful, therefore, whether the court has statutory authority to apportion Neill's liability with Trombetta.

Even if the court had authority, it would decline to apportion Trombetta's restitution obligation with any amounts owed by Neill. As explained previously, Trombetta was the driving force and controlling party in the *Klein* conspiracy and his actions fully overlapped with Neill's conduct. Neill allowed her brother to hide One2One income by passing it through her personal tax returns and had no role in the tax losses attributable to AMG. Trombetta shall be jointly and severally liable for the full $30,223 in restitution owed by Neill.

2

Prence stands in a starkly different position.  He is a co-defendant in the same case, Crim. No. 13-227, so the court has clear statutory authority to apportion damages between Trombetta and Prence.  More importantly, as a certified public accountant, Prence owed independent duties to the IRS to file accurate, truthful and complete tax returns.  Although the *Klein* conspiracy primarily benefited Trombetta, Prence received significant revenues in his accounting practice for his participation in the scheme.  Both Prence and Trombetta contributed to the IRS' full loss of $437,632.  It is appropriate to reflect their respective levels of contribution to the IRS' loss by apportionment.[1]  The court ordered Prence to pay $50,000 in restitution.  Trombetta shall be apportioned the remaining amount of the IRS' loss, or $387,632.

An amended judgment for Trombetta will be entered.

BY THE COURT:

 /s/ *Joy Flowers Conti* 
Joy Flowers Conti
Chief United States District Judge

Dated: September 24, 2018

---

[1] Section 3664(h) also permits the court to consider the economic circumstances of each defendant.  Although both Trombetta and Prence face financial hardship at the present time, Prence lost his CPA license and is very unlikely to return to a prosperous accounting practice.  Trombetta, by contrast, has demonstrated an ability to generate large income streams throughout his professional life.